IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ELISA KEPNER AND<br>DECISION DYNAMICS DD, INC.,<br><br>             Plaintiffs,<br>      v.<br><br>THE UNITED STATES,<br><br>             Defendant. | Civil Action No. 13-340 C<br><br>Judge Susan G. Braden |

## ANSWER OF BOOZ ALLEN HAMILTON INC.
## TO PLAINTIFFS' FIRST AMENDED COMPLAINT

In accordance with Rule 14(c) of the Rules of the United States Court of Federal Claims and the Court's July 5, 2013 Notice [ECF 9], Booz Allen Hamilton Inc. ("BAH") hereby responds to the allegations in Plaintiffs' Complaint.  BAH has an interest in this case for at least the reasons specified in Defendant's Unopposed Motion for Rule 14(b) Notice to Booz Allen Hamilton [ECF 7].

## PLAINTIFFS

1. BAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

2. BAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

**JURISDICTION**

3.      This paragraph states a legal conclusion regarding jurisdiction to which no response is required. To the extent a response is required, admitted that this Court has jurisdiction over claims for the unauthorized use of patented inventions pursuant to 28 U.S.C. § 1498(a) but denied that this Court has jurisdiction over all claims for the misappropriation of trade secrets.

**FACTUAL BACKGROUND**

4.      Admitted that what appears to be a copy of United States Patent No. 7,117,161 is attached to the Complaint as Exhibit A, denied that it was "duly and legally issued" to the extent that this phrase implies it is valid.

5.      BAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

6.      BAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

7.      Admitted that the '161 patent claims a method of controlling a process having activities to achieve desired goals, the method comprising several steps which are detailed in the claims. To the extent that the summary of the invention contained in this paragraph is inconsistent with the patent claims, denied.

8.      BAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

9.      BAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

10.     BAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

11.     BAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

12.     BAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

13.     BAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

14.     BAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

15.     BAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

16.     BAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

17.     BAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

18.     BAH admits that it entered into contract number W81XWH-08-D-0025 with the United States.  BAH lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies the same.

### **COUNT I – 28 U.S.C. §1498(a) Patent Infringement**

19.     BAH restates and incorporates by reference its responses to paragraphs 1 through 18 above.

20.     Denied.

21.     Denied to the extent the allegations relate to conduct on the part of BAH as alleged in paragraph 20.

22. Denied to the extent the allegations relate to conduct on the part of BAH as alleged in paragraph 20.

### COUNT II – Fifth Amendment – Misappropriation First Trade Secret I

23. BAH restates and incorporates by reference its responses to paragraphs 1 through 22 above.

24. BAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

25. BAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

26. BAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

### COUNT III – Fifth Amendment – Misappropriation Second Trade Secret

27. BAH restates and incorporates by reference its responses to paragraphs 1 through 26 above.

28. BAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

29. BAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

30. BAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

### COUNT IV – Fifth Amendment – Misappropriation Third Trade Secret

31. BAH restates and incorporates by reference its responses to paragraphs 1 through 30 above.

32. BAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

33. BAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

34. BAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

## AMOUNT AND MEASURE OF REASONABLE COMPENSATION

35. This paragraph contains a statement of damages to which no response is required. To the extent a response is required, denied that the Plaintiffs are entitled to compensation.

## PRAYER FOR JUDGMENT

BAH denies that Plaintiffs are entitled to any relief from this Court.

## AFFIRMATIVE DEFENSES

Further answering the Amended Complaint, BAH asserts the following affirmative defenses. BAH reserves the right to assert additional defenses as the case progresses and additional facts become known.

## FAILURE TO STATE A CLAIM

1. The Amended Complaint fails to state a claim upon which relief can be granted.

## NON-INFRINGEMENT

2. Systems and/or methods of operation supplied or used by BAH do not infringe any claim of the '161 Patent under any theory, including literal infringement, infringement under the doctrine of equivalents, or indirect infringement.

## PATENT INVALIDITY

3. The claims of the '161 Patent are invalid for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

## PROSECUTION HISTORY ESTOPPEL

4. By reason of the proceedings in the United States Patent and Trademark Office ("PTO") during the prosecution of the applications that resulted in issuance of the '161 Patent, Plaintiffs are estopped from maintaining that any claim of the '161 Patent covers any of BAH's products or methods.

## WAIVER, LACHES and ESTOPPEL

5. Plaintiffs' claims are barred by the doctrines of waiver, estoppel, and/or laches.

## NO LIABILITY FOR ANY INFRINGING ACTIVITIES CAUSED BY THE UNITED STATES OR OTHERS

6. To the extent the alleged infringing acts are caused by, or performed pursuant to acts by, the United States, or others, BAH is not liable for those activities.

## LIMITATION OF DAMAGES

7. Pursuant to 35 U.S.C. § 286, Plaintiffs are barred from recovering any damages for acts that occurred more than six years before it filed the Complaint in this action.

**LICENSE TO THE '161 PATENT**

8. To the extent the inventions claimed by the '161 patent were invented in the performance of work under a funding agreement with the Government or using Government resources, or in connection with BAH, the United States and/or BAH is entitled to an express or implied license in the inventions.

**MISAPPROPRIATION OF TRADE SECRET DEFENSES**

As BAH explained in its Response to Rule 14(b) Notice and Motion to Dismiss [ECF 14], BAH does not have any interest in Plaintiffs' misappropriation of trade secrets claims. Further, the Court indicated, at the hearing on September 6, 2013, that it would not hear the misappropriation of trade secrets claims at this time. In view of this, BAH does not plead affirmative defenses in response to those Counts relating to the misappropriation of trade secrets claims, but reserves the right to seek leave to amend its affirmative defenses should the Court decide to consider the misappropriation of trade secrets claims and should BAH have an interest in them.

BAH further asserts any and all defenses which are presently unknown to it but which, when ascertained, BAH prays leave to add to this Answer or otherwise give notice to Plaintiffs.

**RELIEF REQUESTED BY BAH**

WHEREFORE, BAH respectfully requests the Court:

a. Dismiss the Complaint with prejudice;

b. Enter judgment that the '161 Patent at issue in this lawsuit is invalid and not infringed;

c. Declare that this is an exceptional case in favor of BAH under 35 U.S.C. § 285 and award BAH its reasonable attorneys fees and expenses;

    d.    Award BAH its costs of suit; and

    e.    Award BAH such other relief as this Court deems just and proper.

Respectfully submitted,

Dated: Sept. 19, 2013

/s William C. Bergmann

Of Counsel:
Michael E. Anderson
Baker & Hostetler LLP
meanderson@bakerlaw.com

WILLIAM C. BERGMANN
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, NW
Washington, DC 20036-5304
Telephone: (202) 861-1500
Facsimile: (202) 861- 1783
Email: wbergmann@bakerlaw.com

*Attorneys for Booz Allen Hamilton Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that, pursuant to RCFC 5, 5.3, and Appendix E, paragraph 12, the foregoing ANSWER OF BOOZ ALLEN HAMILTON INC has been filed electronically and all counsel of record will be served by operation of the Court's electronic filing system on September 19, 2013.

/s William C. Bergmann
WILLIAM C. BERGMANN
Baker Hostetler LLP
Washington Square – Suite 1100
1050 Connecticut Avenue, NW
Washington D.C. 20036-5304
Telephone: 202.861.1500
Facsimile: 202.861.1783
wbergmann@bakerlaw.com